PATRICIA HUNT, an Infant, by THOMAS HUNT, Her Parent, et al., Appellants, *v.* BOARD OF EDUCATION OF SCHENECTADY, Respondent.

Third Department, February 14, 1974.

*George J. Camino* for appellants.

*Maynard, O'Connor & Smith* (*J. Vincent Smith* of counsel), for respondent.

*Per Curiam:* This is an appeal by the plaintiff from a judgment of the Supreme Court, entered May 30, 1973 in Schenectady County, upon a dismissal of the complaint by the court at a Trial Term at the close of the plaintiffs' case.

The complaint was dismissed upon the ground that at the trial the plaintiffs had failed to prove a cause of action and, further, because they were unable to proceed with witnesses they desired to call upon the *day* of the trial. The actual motion by the defendant at the trial was to dismiss the complaint for failure to prove a cause of action, and the court made the statement that the plaintiff had not '' proved a bit of negligence '' whereupon plaintiff moved for a mistrial. However, the court then granted defendant's prior motion.

The record discloses that the plaintiffs' counsel had failed to take advantage of such pretrial devices as an examination before trial, and that as a result he was surprised at trial and generally unprepared to effectively present his client's case in the orderly progression of the trial.

The complaint alleged injuries to the infant plaintiff when she fell from a playground apparatus on the defendant's playground. The defendant's answer did not deny the second paragraph of the complaint which alleged that at all times specified in the complaint the infant plaintiff was in attendance at the defendant's school. The opening statements of counsel were recorded in this case at the request of the defendant. In such statements counsel for the defendant conceded: '' The proximate cause of the accident is that the child slipped on the Jungle Bar.'' It was also conceded that the underlying surface of the jungle bar was pavement and a hard surface. Furthermore, the defendant's counsel in his opening statement conceded that

at the time of the accident the defendant did not provide any supervision of the apparatus or the school playground.

The plaintiff introduced proof that prior to the accident the apparatus was located upon the school playground; that the top row of bars was about seven feet from ground level; that it consisted of bars or pipes; that children would climb on and through it; and that the playground was paved with blacktop.

As noted above, the question posed for the trial court at the time defense counsel moved for dismissal of the complaint was whether or not the plaintiff had proven a cause of action for jury determination as to liability of the defendant.

The plaintiff had proven either by trial evidence or admission that the six-year-old infant was in attendance at the defendant's school at the time she suffered an accident while upon the defendant's playground apparatus and that there was no supervision of the playground. Furthermore, it was established that the apparatus was a form of bars extending about seven feet above the ground and that it was situated above a hard, blacktop surface and was intended for climbing upon.

The courts have determined that an entity furnishing playground apparatus for children's use is not required to furnish direct supervision of each item of such equipment (*Peterson* v. *City of New York*, 267 N. Y. 204, 206), also that the nature and use of the apparatus described in this case is one of common knowledge (*Miller* v. *Board of Educ., Union Free School Dist. No. 1, Town of Oyster Bay*, 249 App. Div. 738, 739).

Upon the present record there was *no* supervision of the playground and its play apparatus at all, albeit children in attendance at school are to be generally supervised by the defendant. The mother of the infant testified to the effect that the infant would have arrived at the school a very few minutes prior to the commencement of the school day.

Even in this confused record as to proof and procedure, it is apparent that questions were posed for the jury as to whether or not it was negligence for the defendant to permit six-year-old infants to use the described apparatus without some form of supervision and/or whether or not providing such an apparatus over a known artificially hardened surface for six-year-old infants was negligent in view of the general physical capacity of such an infant.

In *Cordaro* v. *Union Free School Dist. No. 22, Farmingdale* (14 A D 2d 804, affd. 11 N Y 2d 1038), the Appellate Division found, *inter alia*, that the record established adequate supervision and the Court of Appeals affirmed without opinion. In

*Ferrill* v. *Board of Educ. of Cent. School Dist. No. 1* (6 A D 2d 690), the court found that supervision was required in a playground area involving use of a slide by children ranging in age from 6 to 12. Upon the facts established in the present record, there was an issue for the jury as to whether or not supervision was required. In *Cordaro* v. *Union Free School Dist. No. 22, Farmingdale* (*supra*) the infant apparently fell only one foot and the apparatus was apparently one with bars to hang from and not one for climbing on top thereof.

Upon the present record, the finding by the trial court that the plaintiffs had not proven facts which could be found by a jury to be negligence is error. The additional provision of the judgment that the case was dismissed for a failure of the plaintiffs to proceed with their case is not in accordance with the motion actually made and granted at the trial.

Upon the present record the trial court's refusal to grant a continuance for medical testimony on behalf of plaintiffs was clearly prompted by its conclusion that facts sufficient to constitute liability had not been established. The failure of an attorney to have witnesses available is subject to severe reprimand for causing undue and unnecessary court delay.

The judgment should be reversed, on the law and the facts and in the interests of justice, and a new trial granted, with costs to abide the event.

HERLIHY, P. J., STALEY, JR., GREENBLOTT, SWEENEY and MAIN, JJ., concur.

Judgment reversed, on the law and the facts and in the interests of justice, and a new trial granted, with costs to abide the event.